Filed: May 12, 2017

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

BRIEFING ORDER - IMMIGRATION REVIEW
_____

No.   17-1621,        <u>David Garcia v. Jefferson Sessions III</u>
                     A206-778-433, A206-778-431, A206-778-432

Briefing shall proceed on the following schedule:

_____

Administrative record (electronic form) due from agency: 06/21/2017

Administrative record adopted (one paper copy) due from petitioner: 07/31/2017
(OR Appendix (electronic form & one paper copy))

Opening brief due: 07/31/2017

Response brief due: 08/30/2017

Reply brief permitted within 14 days of service of response brief.
_____

Effective October 1, 2015, the court requires only one paper copy of briefs and appendices unless the case is to be argued, in which event four paper copies are required. (Local Rules 30(b)(4) & 31(d)). The notice tentatively assigning a case for argument requires counsel to file three additional paper copies of their previously filed briefs and appendices.

Government counsel shall file the electronic administrative record (ECF event- **Administrative record (electronic form)**). Petitioner shall file one paper copy of the administrative record (bound down left side with white covers) (ECF event- **Administrative record adopted (paper copy filed)**). Alternatively, petitioner may file an appendix in electronic and paper form under Local Rule 25(a)(1)(D).

The parties' briefs must conform to the [Fourth Circuit Brief & Appendix Requirements](#) (available as a link from this order and at www.ca4.uscourts.gov). All parties to a side must join in a single brief, even in consolidated cases, unless

the court has granted a motion for leave to file separate briefs pursuant to Local Rules 28(a) and 28(d).

Failure to file an opening brief within the scheduled time will lead to dismissal of the case pursuant to Local Rule 45 for failure to prosecute; failure to file a response brief will result in loss of the right to be heard at oral argument and may lead to imposition of sanctions if counsel has failed to comply with the court's directives. The court discourages motions for extension of time and grants extensions of the briefing schedule only in extraordinary circumstances upon a showing of good cause. Local Rule 31(c). If a brief is filed after its due date, the time for filing subsequent briefs will be extended by the number of days the brief was late.

Pursuant to Local Rule 34(a), the court may, on its own initiative and without prior notice, screen an appeal for decision on the parties' briefs without oral argument. If a case is selected for the oral argument calendar, counsel will receive notice that the case has been tentatively calendared for a specific court session approximately two months in advance of the session.

                              /s/ PATRICIA S. CONNOR, CLERK
                              By: Jeffrey S. Neal, Deputy Clerk